Bonnie Richardson, OSB No. 983331
Heather Wettlaufer, OSB No. 234325
Allegiant Law LLP
100 SW Main, Suite 400
Portland, OR 97204
Tel: (503) 546-4637
bonnie@allegiantlaw.com
heather@allegiantlaw.com
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| DAM NATION COLLECTIVE, LLC, an Oregon Limited Liability Company, | Case No. _____ |
| *Plaintiff*, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| BLUEPRINT SPORTS AND ENTERTAINMENT, LLC, a Nevada Limited Liability Company, | |
| *Defendants*. | |

Plaintiff alleges the following:

**PARTIES**

1. Dam Nation Collective, LLC, is an Oregon limited liability company, that was solely owned and operated by Kyle Bjornstad, providing name, image, likeness ("NIL") opportunities and services related to Oregon State University ("OSU") student-athletes.

Page 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

2. Defendant Blueprint Sports and Entertainment, LLC is a Nevada limited liability company engaged in providing NIL services to student-athletes throughout the United States.

## JURISDICTION

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Plaintiff Dam Nation Collective, LLC is a limited liability company organized under the laws of the State of Oregon.

5. Defendant Blueprint Sports and Entertainment, LLC is a limited liability company organized under the laws of the State of Nevada.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because Defendant transacts business in this District, a substantial part of the events giving rise to this action occurred in this District, and the parties contractually agreed to venue in the United States District Court for the District of Oregon.

## INTRODUCTION

7. This is a straightforward breach of contract case. Blueprint Sports and Entertainment, LLC ("Blueprint") actively pursued the acquisition of Dam Nation Collective, LLC ("Dam Nation"), its subscriber base, and its established relationships with OSU Athletics — assets Blueprint wanted to secure a separate, more lucrative services agreement it was simultaneously negotiating with OSU. Blueprint got exactly what it bargained for. Then it made a deliberate business decision to stop paying. That decision triggered the acceleration clause in the parties' agreement, making the full contract balance — along

**ALLEGIANT LAW LLP**
100 SW Main St., Suite 400
Portland, OR 97204
Telephone: (503) 546-4637

with interest, costs, and attorney fees — immediately due. This case asks the Court to hold Blueprint to the plain terms of a contract it freely entered and now finds inconvenient to honor.

## GENERAL ALLEGATIONS

8. On July 14, 2025, Dam Nation Collective, LLC ("Seller"), entered into an Asset Purchase Agreement with Defendant whereby Defendant agreed to purchase substantially all assets of Seller's business.

9. These assets included all past and current customer and subscriber lists and all intellectual property of Dam Nation, which would provide Blueprint with the means and knowledge to effectuate NIL services for student-athletes at OSU.

10. The purchase price for the assets totaled $166,828.50.

11. The Asset Purchase Agreement required Defendant to pay the purchase price in thirty-six equal monthly installments of $5,000.00, including interest at 5% per annum, with the first installment due thirty days after closing and subsequent installments due on the same day of each month thereafter.

12. The Asset Purchase Agreement closed on July 15, 2025.

13. As required by the Asset Purchase Agreement, on July 15, 2025, Defendant executed and delivered to Plaintiff a Promissory Note in the principal amount of $166,828.50.

14. The Promissory Note provides that if any installment is not paid within ten days after its due date, the Note shall be in default, and Plaintiff may declare the principal of the Note, together with interest, to be immediately due and payable.

**ALLEGIANT LAW LLP**
100 SW Main St., Suite 400
Portland, OR 97204
Telephone: (503) 546-4637

15. In the event of default, Plaintiff has the right to increase the interest rate by an additional five percent per annum until the default is cured or the Note is paid in full.

16. Defendant is required to pay a late charge of 5% of any monthly installment not received within ten days after payment is due.

17. The first payment under the Promissory Note was due on or before August 14, 2025.

18. Defendant made its first payment of $5,000.00 on August 13, 2025.

19. Defendant made a second payment of $20,091.50 on September 8, 2025, which represented payments for September, October, November, and December 2025.

20. The contract between Defendant and OSU was terminated by OSU on or about December 8, 2025, following public scrutiny over the lopsided terms in favor of Blueprint when the terms of the OSU contract were released to the public.

21. No terms in the Blueprint-Dam Nation contract make it contingent on any relationship or contract between Blueprint and OSU.  The contracts were separately negotiated and separately entered into.

22. In fact, Mr. Bjornstad and Dam Nation were unaware of the terms of the separate deal between Defendant (Blueprint) and OSU until after the Blueprint-Dam Nation deal closed.

23. The January 2026 payment of $5,000.00 was due on January 14, 2026.

24. Following the breakdown in relationship between Defendant and OSU, Defendant then refused to make its next scheduled payment in January 2026.

25. On January 26, 2026, Plaintiff provided Defendant with a Notice of Default pursuant to Section 5 of the Promissory Note related to the nonpayment.

26. Defendant failed to cure the default within the time specified in the Notice of Default.

Page 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

27. Defendant has made no payments since the September 8, 2025 payment for the months of September–December 2025 despite the terms of the agreement and Plaintiff's demands.

28. On February 6, 2026, Plaintiff declared the principal of the Note, together with interest ($155,451.61), due and payable in accordance with Section 5(a) of the Promissory Note and demanded payment in full.

29. Defendant again refused to pay the amounts owed under the Promissory Note and Asset Purchase Agreement.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

30. Plaintiff realleges each and every allegation contained in paragraphs 1 through 27 as if fully set forth herein.

31. The asset Purchase Agreement and Promissory Note constitute valid and enforceable contracts between Plaintiff and Defendant.

32. Plaintiff performed all conditions, covenants, and promises required of him under the Asset Purchase Agreement and Promissory Note.

33. Defendant materially breached the Asset Purchase Agreement and Promissory Note by failing to make the required monthly payments beginning with the January 2026 payment.

34. Defendant's breach has caused and continues to cause Plaintiff substantial damage.

35. Pursuant to the Promissory Note, Plaintiff has properly accelerated the debt and declared all principal and interest immediately due and payable.

36. Defendant is indebted to Plaintiff in an amount no less than $155,000.00, plus additional default interest accruing daily, late payment charges, and reasonable attorney fees and

Page 5 – COMPLAINT AND DEMAND FOR JURY TRIAL

costs as provided in the Promissory Note and Asset Purchase Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant as follows:

A. For damages in the amount to be proven at trial, including but not limited to: (1) principal balance of $145,123.98; (2) remaining interest that would have accrued over the term of the Note of $9,876.03; (3) late payment charges of 5% per missed monthly installment; (4) default interest at an additional 5% per annum from the date of default until paid in full; and (5) pre-judgment and post-judgment interest at the applicable legal rate;

B. For reasonable attorney fees and costs as provided in the Promissory Note and Asset Purchase Agreement;

C. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 29, 2026

By: _____

Bonnie Richardson, OSB No. 983331
Heather Wettlaufer, OSB No. 234325
Allegiant Law LLP
100 SW Main Street, Suite 400
Portland, OR 97204
Tel: (503) 546-4637
bonnie@allegiantlaw.com
heather@allegiantlaw.com

Page 6 – COMPLAINT AND DEMAND FOR JURY TRIAL